IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | |
| NEW INDIANAPOLIS HOTELS, LLC d/b/a HAMPTON INN | ) ) ) | **COMPLAINT** |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (black) and retaliation and to provide appropriate relief to Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes, a class of similarly situated housekeeping employees and a class of housekeeping applicants. As alleged with greater particularity in paragraphs seven through ten below, the Commission alleges that Defendant engaged in a pattern of discrimination against black housekeeping employees and/or applicants including termination, retaliation, reduced pay and hours and failure to hire. The Commission also alleges a recordkeeping violation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"),

707(a), (b) and (e) of Title VII, 42 U.S.C. § 2000e-6(a), (b) and (e) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 707(a), (b) and (e) of Title VII, 42 U.S.C. § 2000e-6(a) and (b).

4.  At all relevant times, Defendant, New Indianapolis Hotels, LLC has continuously been a Georgia corporation doing business in the State of Indiana and has continuously had at least 15 employees.

5.  At all relevant times, New Indianapolis Hotels, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves and Lora Starkes filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2, 2008 through at least June, 2009, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) by terminating Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes and a class of similarly situated housekeeping employees because of their race, black.

8. Since at least September 2, 2008 through at least June, 2009, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) by refusing to hire a class of housekeeping applicants because of their race, black.

9. Since at least September 2, 2008 through at least June, 2009, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(2) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting a class of housekeeping employees to less favorable terms and conditions of employment, reduced pay and hours because of their race, black.

10. Since at least September 2, 2008 through at least June, 2009, Defendant has engaged in unlawful employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes and a class of similarly situated housekeeping employees in retaliation for complaints made about race-based differential terms and conditions of employment.

11. Since at least December 2007, Defendant employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

12. The effect of the practices complained of in paragraphs 7 through 10 above has been to deprive Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes, a class of similarly situated housekeeping employees and a class of applicants of equal employment opportunities and otherwise adversely affect their status as applicants or employees, because of their race and/or because they exercised rights under Title VII of the Civil Rights Act of 1964.

13. The unlawful employment practices complained of in paragraphs 7 through 10 above were intentional.

14. The unlawful employment practices complained of in paragraphs 7 through 10 above were done with malice or reckless indifference to the federally protected rights of Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes, a class of similarly situated housekeeping employees and a class of black applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race and any other employment practice which discriminates on the basis of race.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on retaliation and any other employment practice which discriminates on the basis of having filed a charge with the Commission or otherwise invoking the protections of Title VII or assisting others in doing so.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of the alleged past and present unlawful employment practices.

D. Order Defendant to make whole Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes and a class of similarly situated housekeeping employees who were terminated due to race and retaliation, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraphs 7 and 10.

E. Order Defendant Employer to make whole Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes, a class of similarly situated terminated black housekeeping employees by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 10 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes and a class of similarly situated terminated black housekeeping

employees punitive damages for its malicious and reckless conduct described in paragraphs 7 and 10 above, in amounts to be determined at trial.

G. Order Defendant to make whole a class of black housekeeping employees who were subjected to less favorable terms and conditions of employment, reduced pay and hours, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraph 9 above.

H. Order Defendant to make whole a class of black housekeeping employees who were subjected to less favorable terms and conditions of employment, reduced pay and hours, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I. Order Defendant to make whole a class of black housekeeping employees who were subjected to less favorable terms and conditions of employment, reduced pay and hours, by providing punitive damages for its malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

J. Order Defendant to make whole a class of housekeeping applicants who were denied employment due to race, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraph 8 above.

    K.    Order Defendant to make whole a class of housekeeping applicants who were denied employment due to race, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    L.    Order Defendant to make whole a class of housekeeping applicants who were denied employment due to race, by providing punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

    M.    Order Defendant to make whole a class of housekeeping applicants who were denied employment due to race, by providing rightful place instatement.

    N.    Order Defendant to make whole Chantelle Moore, Debra Brown, Samantha Hampton, Myra Gleaves, Lora Starkes and a class of similarly situated terminated black housekeeping employees by providing reinstatement.

    O.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in Title VII recordkeeping violations.

    P.    Grant such further relief as the Court deems necessary and proper in the public interest.

    Q.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
(317) 226-7229
Nancy.edmonds@eeoc.gov