# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) NEW INDIANAPOLIS HOTELS, LLC d/b/a ) HAMPTON INN, ) ) Defendant. ) ) | Cause No. 1:10-cv-1234-WTL-DML |

## ENTRY ON MOTION TO STRIKE

Before the Court is the Plaintiff's Motion to Strike (Docket No. 14). This motion is fully briefed, and the Court being duly advised, now **GRANTS** the motion for the reasons set forth below.

## I. RULE 12(f) STANDARD

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party . . . ." "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Motions to strike are generally disfavored, however, they may be granted when they remove unnecessary clutter from a case and expedite matters. *Heller Fin.*, 883 F.2d at 1294. The decision whether to strike material is left to the court's discretion. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## II. BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") brought this suit against New Indianapolis Hotels, LLC d/b/a Hampton Inn ("New Indianapolis"), alleging that New Indianapolis violated Title VII. New Indianapolis' timely Answer to the Complaint set out fifteen affirmative defenses. Affirmative defense seven states: "The allegations set forth in the Charges, the Investigation and the Complaint herein asserting minority discrimination against minorities in favor of other minorities does not state a claim under Title VII." Docket No. 6 at 6. The EEOC has now moved to strike that affirmative defense.

## III. DISCUSSION

The EEOC argues that New Indianapolis' argument that "discrimination in favor of minorities is not actionable under Title VII" has been consistently rejected by federal courts. Docket No. 15 at 3. In response, New Indianapolis cites *Pollard v. Azcon Corp.*, 904 F.Supp. 762 (N.D. Ill. 1995), for the proposition that "race discrimination under Title VII does not apply to discrimination against minorities in favor of other minorities." Docket No. 20 at 1-2.

The Seventh Circuit has not specifically addressed whether Title VII applies to discrimination claims against one minority group in favor of another minority group. However, language from the Supreme Court's *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), decision is instructive. In *Griggs*, the Supreme Court stated that Title VII prohibits "[d]iscriminatory preference for *any* group, minority or majority." *Id.* at 431 (emphasis added). This language supports the EEOC's argument and indicates that Title VII does protect one minority group from discrimination in favor of another minority group.

In addition, this Court's own research reveals that *Pollard* is generally viewed as an

outlier case. Indeed, most district courts to examine the issue have concluded that discrimination in favor of one minority group and against another minority group is actionable under Title VII. When conducting the Title VII analysis, courts have explained that "[t]he correct comparison is between the treatment afforded a plaintiff who is a member of the protected class (i.e., 'minority'), and employees who are not members of that protected class (i.e., 'non-minority.')." *Jones v. Southwest Airlines Co.*, 99 F.Supp.2d 1322, 1327 n.2 (D.N.M. 2000) (citing *E.E.O.C. v. Our Lady of the Resurrection Med. Ctr.*, 77 F.3d 145, 148 (7th Cir. 1996)). "[W]ith respect to a plaintiff who is a member of the African American racial 'minority' class, 'non-minority' employees would include Hispanic employees, even though Hispanic employees are members of a protected national origin minority class." *Id.* "Any other interpretation would permit members of one racial or ethnic minority group to discriminate against members of another minority group." *Id.*; *see also Dang v. Inn at Foggy Bottom*, 85 F.Supp.2d 39, 45 (D.D.C. 2000); *Dancy v. Am. Red Cross*, 972 F.Supp. 1, 4 (D.D.C. 1997).

Because the Court agrees with the reasoning of the majority of cases that have examined the issue, the Court declines to follow *Pollard*. The Court believes that *Jones*, *Dang*, and the other opinions that hold that discrimination in favor of one minority group and against another minority group is actionable under Title VII are correctly decided. Thus, in the absence of Seventh Circuit guidance on this matter, the Court shall follow the majority of the case law and will **GRANT** the Plaintiff's motion.

## CONCLUSION

For the foregoing reasons the Plaintiff's Motion to Strike (Docket No. 14) is **GRANTED** and the Defendant's seventh affirmative defense is hereby stricken.

SO ORDERED: 01/06/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Jonathan Paul Bryant
Equal Employment Opportunity Commission
jonathan.bryant@eeoc.gov

Edward Dyer D'Arcy Jr.
Doherty & Progar LLC
edd@doherty-progar.com

Kevin Doherty
Doherty & Progar LLC
kwd@doherty-progar.com

Nancy Dean Edmonds
EEOC
nancy.edmonds@eeoc.gov

Michelle Eisele
Equal Employment Opportunity Commission
michelle.eisele@eeoc.gov

Laurie A. Young
Equal Employment Opportunity Commission
legal.station@eeoc.gov