UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION ) <br> ) <br>     Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> NEW INDIANAPOLIS HOTELS, L.L.C., ) <br> d/b/a HAMPTON INN, and NOBLE ) <br> MANAGEMENT COMPANY, L.L.C. , ) <br> ) <br>     Defendants. ) | NO. 1:10-cv-01234-WTL-DKL |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Honorable Denise K. LaRue, United States Magistrate Judge, on Plaintiff's motion to compel filed May 19, 2011 [Docket No. 42]. Defendants filed their response on May 20, 2011 [Docket No. 45]. Defendants also submitted their discovery responses to Plaintiff at that time. Plaintiff filed a reply on May 31, 2011 [Docket No. 48]. The Magistrate Judge conducted a hearing on July 8, 2011, where the parties argued their positions. The Magistrate Judge, being duly advised, now **GRANTS** plaintiff's motion to compel.

**Facts**

Plaintiff initiated the instant action to correct unlawful employment practice on the part of Defendants. Plaintiff alleged that Defendants engaged in a pattern of racial discrimination against housekeeping employees and applicants, including termination,

1

retaliation, reduced pay and hours, and failure to hire. Plaintiff also alleged that Defendants committed a recordkeeping violation.

**Discovery Dispute**

On March 18, 2011, Plaintiff served its second interrogatories and second request for production on Defendants [Docket No. 42 at 2]. Plaintiff essentially sought the following discovery requests:

> Interrogatory No. 6: Identification of and information concerning all persons employed by defendants as housekeepers, inspectors or executive housekeepers between June 1, 2008 and December 30, 2009.
>
> Interrogatory No. 7: Information on the positions held and wages received by persons identified in response to Interrogatory No. 6.
>
> Interrogatory No. 8: The identification of electronic or machine-readable files containing personnel information.
>
> Request No. 73: Audited financial statements for 2008, 2009 and 2010.
>
> Request No. 74: Documents showing revenues and expenses from June 1, 2008 through the present.
>
> Request No. 75: Payroll reports for June 2008 through June 2009, showing hours worked, employee job titles and rate of pay.
>
> Request No. 76: The employment applications for 13 housekeeping hires.

Defendants had to serve their responses and any objections within 30 days. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). On April 20, 2011, the discovery response deadline, Defendants indicated that they would only provide audited financial statements subject to a protective order [Docket No. 42 at 3]. Although the parties reached an agreement on the protective order, Defendants did not submit their discovery responses [Docket No. 42

2

at 3]. On May 12, 2011, Defendants' counsel informed Plaintiff's counsel that due to a broken copier, Defendants were unable to submit their discovery responses [Docket No. 53-1].

On May 19, 2011, Plaintiff moved to compel Defendants' discovery responses [Docket No. 42 at 1]. Defendants submitted discovery responses to Plaintiff on the following day [Docket no. 45 at 1]. Defendants raised no objections to the discovery requests referenced above. In response to Plaintiff's motion to compel, Defendants claimed that they have attempted to cooperate with Plaintiff during the course of discovery, and provided discovery responses as quickly as possible [Docket no. 45 at 1]. Defendants claimed that the delay was due to resolution of the agreed protected order, and a mechanical problem with counsel's copier/scanner [Docket no. 45 at 1]. In its May 31, 2011 reply, Plaintiff complained that Defendants' responses to Interrogatory Nos. 6, 7, and 8, and Request Nos. 75 and 76 were evasive and incomplete [Docket No. 48 at 3-10]. Plaintiff's counsel later represented that Request Nos. 73 and 74 were satisfactory.

The matter was set for hearing on June 21, 2011, and the Court urged the parties to meet and confer before the hearing to determine whether the issues presented by Plaintiff's motion could be resolved or narrowed [Docket No. 54]. The Court subsequently granted Plaintiff's motion to reschedule the hearing to July 8, 2011 [Docket No. 56]. Meanwhile, on June 17, 2011, the parties convened to address the purported shortcomings of Defendants' discovery responses. On June 23, 2011, and July 7, 2011, Defendants provided supplemental responses. Notably, Defendants explained that they no longer possessed the

employment applications sought by Plaintiff in Request No. 76. Additionally, Plaintiff's counsel represented at the July 8, 2011, hearing that Plaintiff has served non-party subpoenas on two of Defendants' vendors who had provided payroll services for Defendants during the period of the alleged discrimination. The information provided by those vendors may satisfy Plaintiff's requests with respect to Interrogatory No. 8 and Request No. 75, as well as Interrogatory Nos. 6 and 7. At the July 8, 2011, hearing, Defendants' counsel represented that Defendants provided responses to Interrogatory Nos. 6 and 7 to the best of their ability, where Defendants' representative claimed that many records were allegedly removed by a former employee.

Parties are permitted discovery into "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 37, a party may request an order from the Court to compel discovery. Courts have broad discretion in matters related to discovery, Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998), and "significant discretion in ruling on a motion to compel." Gile v. United Airlines, Inc., 95 F.3d 492, 495-496 (7th Cir. 1996). In issuing a ruling on a motion to compel, the Court must "independently determine the proper course of discovery based upon the arguments of the parties." Id. at 496. As noted previously, Defendants raised no objections to Plaintiff's discovery requests. The failure to object to discovery requests under Fed. R. Civ. P. 33 and 34 generally constitutes waiver. India Brewing, Inc. v. Miller Brewing Co., 237 F.R.D. 190, 194 (E.D. Wis. 2006); Caudle v. D.C., 263 F.R.D. 29, 32-33 (D.D.C. 2009).

Here, Plaintiffs made proper request for discovery and is entitled to proper responses. Defendants are required to provide separate and full answers to Interrogatory Nos. 6, 7, and 8, and such answers must be signed under oath by a representative of Defendants. Fed. R. Civ. P. 33(b). Defendants are further ordered to respond to Request Nos. 75 and 76. Fed. R. Civ. P. 34(b)(2). If certain information is not available, the interrogatory answers or requests for production should reflect as much with a response of "not available." If such information becomes available to Defendants at some point, they have a continuing duty to supplement their discovery responses. Fed R. Civ. P. 26(e)(1)(A) (parties must supplement their discovery responses, particularly "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). Defendants' counsel shall sign each discovery request as provided by Fed. R. Civ. P. 26(g)(1). The Court orders Defendants to provide the aforementioned discovery responses, if they have not yet already done so, within 10 days of the entry of this order.

**Request for Costs and Fees**

As part of its motion to compel, Plaintiff also sought reasonable costs associated with bringing the motion. Because Defendants submitted their discovery responses after Plaintiff moved to compel, the award of costs associated with the instant motion are mandatory unless Defendants demonstrate that their conduct was "substantially justified," Fed. R. Civ P. 37(a)(5), or, stated differently, "justified to a degree that could satisfy a

reasonable person." Pierce v. Underwood, 487 U.S. 552, 565; 108 S.Ct. 2541; 191 L.Ed.2d (1988). Defendant has the burden of proving an exception under Fed. R. Civ. P. 37. Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc., 259 F.R.D. 323, 327 (N.D. Ill., 2009).

The Court finds that Defendants failed to demonstrate that they were substantially justified in filing late discovery responses. As noted above, in their response, Defendants claimed that their discovery responses were untimely because they were negotiating a protective order and their copier/scanner was broken for three days. The agreed protective order at issue applied to defendants' income tax forms [Docket No. 46]. On May 12, 2011, Defendants' counsel informed Plaintiff's counsel that their copier/scanner had been broken for three days [Docket no. 49-1]. Defendants had to respond within 30 days of being served with the discovery requests, which occurred on March 18, 2011 [Docket Nos. 42-2 at 1, 42-3 at 1]. The copier/scanner issue occurred after the deadline. Even if the faulty copier/scanner caused Defendants to miss the April 20, 2011 discovery deadline, such technical difficulty does not make Defendants substantially justified in missing the deadline. Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996). Defendants' counsel provided no justifiable explanation that would excuse the failure to provide timely complete and accurate discovery responses.

The Court **GRANTS** Plaintiff's motion to compel. As noted previously, the Court orders Defendants to provide the aforementioned discovery responses, if they have not yet done so, within 10 days of the entry of this order. The Court further reminds Defendants

of their ongoing duty to supplement their discovery responses.  Under Fed. R. Civ P. 37(a)(5), the Court is required to award reasonable costs incurred in bringing a successful motion to compel, including attorney fees.  The Court declines to award costs at this time.  However, the parties are directed to make a good faith effort to resolve the costs issue.  If the parties cannot reach a resolution, Plaintiff may petition the Court for its fees and costs, along with supporting documentation.[1]  As discussed above, an award of costs would be appropriate in this case; thus, the formality and associated expense of such petition should be avoided.

**Plaintiffs' motion to compel is granted.**

Dated:  07/15/2011

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

---

[1] At the motion hearing, plaintiff's counsel suggested that it may be requesting reimbursement for the expert fees it incurred due to the delay caused by this discovery issue.  Due to the nature of a fee/cost request in this instance, it seems unlikely that any expert fees would be justified.  Under Fed. R. Civ. P. 37, the award is limited to those expenses "emanating from the abuse of the discovery process."  Loctite Corp. v. Fel-Pro, Inc., 667 F.2d 577, 585 (7th Cir. 1981).

Distribution to:

Jonathan Paul Bryant
Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5588 • Email: jonathan.bryant@eeoc.gov

Laurie A. Young
Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-7202 • Email: legal.station@eeoc.gov

Michelle Eisele
Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-7212 • Email: michelle.eisele@eeoc.gov

Nancy Dean Edmonds
Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-7229 • Email: nancy.edmonds@eeoc.gov

Edward Dyer D'Arcy, Jr.
Doherty & Progar L.L.C.
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630 • Email: edd@doherty-progar.com

Kevin Doherty
Doherty & Progar L.L.C.
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630 • Email: kwd@doherty-progar.com