# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) NEW INDIANAPOLIS HOTELS, LLC, et al., ) ) ) Defendants. ) | Cause No. 1:10-cv-1234-WTL-DKL |

## ENTRY ON MOTION TO BIFURCATE TRIAL AND DISCOVERY

Before the Court is the Motion to Bifurcate Trial and Discovery filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Plaintiff's motion for the reasons and to the extent set forth below.

## I. BACKGROUND

The EEOC filed suit against New Indianapolis Hotels LLC and Noble Management LLC on February 25, 2011, alleging discrimination based on race at their Indianapolis Hampton Inn facility. The EEOC's suit encompasses claims for discriminatory/retaliatory termination of black housekeepers, disparate wages and hours for black housekeepers, and hiring discrimination with respect to black applicants for housekeeping positions. The EEOC also alleges that the Defendants engaged in recordkeeping violations.

The class of persons alleged to be affected by the Defendants' actions subdivide into two groups: applicants and former employees. Citing the different groups and the relative size of

each,[1] the EEOC requests the Court bifurcate discovery into two phases. Phase one would consist of (1) employee termination claims; (2) employee wage/term and conditions claims; (3) liability with respect to the hiring claim; (4) the recordkeeping violations claim; (5) punitive damages; and (6) injunctive relief. Phase two would determine compensatory damages for the applicant class members.

## II. STANDARD

Federal Rule of Civil Procedure 42(b) permits the Court to order a separate trial of one or more separate issues in order to avoid prejudice, or to expedite and economize. The district court has considerable discretion to order the bifurcation of a trial. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). A district court may bifurcate a trial provided that doing so (1) serves the interests of judicial economy or is done to prevent prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment. *Id.* Only one criterion–prevention of prejudice or judicial economy–is needed before a court may order bifurcation, but the court must be satisfied that the decision does not unfairly prejudice the non-moving party and does not violate the Seventh Amendment. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

## III. DISCUSSION

The EEOC argues that trial and discovery should be bifurcated in the interest of judicial economy insofar as deposing before trial and presenting at trial evidence of individual applicant's damages is "overwhelming, expensive and impractical" for both parties before a

---

[1] The EEOC names five employees in its Complaint, but it explains in its memorandum in support of the instant motion that the number of applicants could soon exceed one hundred.

liability finding has been made.

Indeed, presenting evidence of damages to a jury before a finding of liability is, with respect to a class of this size, putting the cart before the horse. The presentation of evidence as to damages for over one hundred applicant class members may distract the jury from making its antecedent determination of liability. By contrast, splitting trial into two separate phases will enable to jury to focus on the discrete tasks before it. To this extent, the Court agrees with the EEOC that there should be a liability phase and damages phase at trial.

However, the bifurcation of discovery results in an even greater inefficiency; namely, delaying discovery on applicant class members' individual damages until after liability is decided necessitates a separate jury be empaneled to decide damages. Empaneling and familiarizing a new jury burdens the Court and the parties far more than unified discovery does.[2]

The Court notes that the use of one jury also addresses the EEOC's arguments for determining punitive damages in phase one. The EEOC correctly points out that, if there are two juries, deciding punitive damages in the second phase would be unduly wasteful: the parties would have to represent evidence presented at the liability phase again in order to assist the trier in making its punitive damages determination. Yet if there is one jury, the parties need not revisit the evidence produced in the first phase.

For these reasons, trial of the EEOC's claims will proceed before one jury with a liability

---

[2] Plaintiffs make their request in part on behalf of the Defendants, asserting that it is overwhelming, expensive, and impractical, not only for the EEOC, but also for the Defendants to conduct discovery as to more than 100 applicant class members before a finding of liability is made. However, the Defendants do not seem troubled by the prospect; in their response to the EEOC's motion, the Defendants worry that, if the Court grants the EEOC's motion, the EEOC will prevent access to the applicant class members before trial, and argue that they should be granted the "right" to conduct discovery.

phase and if necessary, a second, damages phase following immediately on the heels of the first phase.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the EEOC's motion to bifurcate trial and discovery is **DENIED**. Discovery will not be bifurcated. Trial will proceed as follows: in phase one, liability as to employees' termination, wage, and conditions claims, liability on the hiring claim, and liability on the recordkeeping violations claim will be determined. Following the determination of liability, if any, in phase two the same jury will assess compensatory and punitive damages for employees on the basis of their termination, wage, and conditions claims, and for applicants on the basis of their hiring claim.

SO ORDERED: 02/01/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.