UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:10-cv-1234-WTL-DKL |
| ) | |
| NEW INDIANAPOLIS ) | |
| HOTELS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON OBJECTIONS TO PROPOSED DISTRIBUTION

A Consent Decree was entered in this race discrimination/retaliation case on September 20, 2012. One of the EEOC's claims was that the Defendants engaged in hiring discrimination, excluding black housekeeping applicants who applied at the Shadeland Avenue Indianapolis Hampton Inn.

Pursuant to the Decree, a monetary fund of $195,000 is to be distributed to eligible applicant class members as determined by the EEOC. On November 13, 2012, this Court entered a Notice of Proposed Distribution. At that time, eligible class members were defined as follows:

### I. Eligible Applicants

Only eligible applicants will receive a portion of the distribution. Based on the application review, any applicants who did not meet the criteria for class membership were excluded. Class members must: (1) be race, black; (2) have applied at least once between September 1, 2008 and May 31, 2009 for a housekeeping (or "any") position at the Shadeland Avenue Hampton Inn; (3) have been denied hire during the designated time period; (4) have suffered damages as the result of their non-hire by the Hampton Inn; (5) have responded to contact letters by the EEOC and provided necessary follow up information; and (5) have provided the EEOC with current contact information.

### II. Ineligible Applicants

>There were two main reasons for determining that an applicant was ineligible to participate in the settlement. First, if an applicant did not apply for a housekeeping position in the specified time period, they were ineligible for class membership. Second, if the EEOC was unable to locate the applicant and/or the applicant did not respond to correspondence from the EEOC concerning this lawsuit or provide follow up information, the applicant was ineligible for class membership.

Notice of Proposed Distribution at 2, Dkt. No. 120. In response to this Notice, the EEOC received letters of objection from two persons deemed ineligible applicants: Cilithia Herron and Quinteda McCann. Accordingly, pursuant to paragraphs 18 and 19 of the Consent Decree, the EEOC requested, and the Court granted, a fairness hearing on the objections.

A fairness hearing was held on July 18, 2013, at which time the EEOC reviewed the Consent Decree for the Court. Lectric Chandler, a paralegal with the EEOC, testified regarding the EEOC's attempts to contact potential class members in 2011 and 2012, and exhibits specific to the EEOC's attempts to contact Ms. Herron and Ms. McCann were admitted into evidence. Ms. Herron appeared in person and testified; Ms. McCann did not appear. The Court addresses the objections in turn.

## **Cilithia Herron**

The EEOC first attempted to contact Ms. Herron regarding the instant suit by letter dated February 18, 2011, and addressed to Lacebark Drive in Indianapolis. That letter provided that Ms. Herron had been identified as a potential class member and indicated that Ms. Herron must contact the EEOC if she was interested in participating in the case as a class member.

The EEOC again attempted to contact Ms. Herron by letter dated March 24, 2011, and addressed to Lacebark Drive. That lettered indicated that it was the EEOC's final attempt to contact Ms. Herron regarding her interest in participating as a class member.

In early April 2011, Ms. Herron contacted the EEOC by phone and spoke with an EEOC intern. According to that intern, Ms. Herron was "skeptical" of the organization and the suit and requested that the EEOC mail her a pamphlet about the EEOC in general and more information also about the case. Ms. Herron requested that the information be sent to Lacebark Drive. The EEOC mailed the requested information to Ms. Herron on Lacebark Drive by letter dated April 14, 2011. That letter provided Ms. Herron with a one week deadline to contact the EEOC in order to participate in the suit.

Ms. Herron was notified of her status as an ineligible applicant by letter dated November 21, 2012. Ms. Chandler testified that Ms. Herron was deemed ineligible because she did not respond to the EEOC's letters.

At the fairness hearing, Ms. Herron testified that the address to which the EEOC sent its letters is the home of her mother, but she used it as her mailing address during the time the EEOC was attempting to contact her. She testified that, during that time, she was fighting with her mother and she did not receive any letters from the EEOC, although she did receive other letters from her mother. She testified that it was not her contention that letters were not sent, but only that she did not receive them. Ms. Herron explained that her call to the EEOC was prompted by her mother's report to her that Ms. Herron had received some mail from the EEOC, although Ms. Herron did not see the letter itself. Ms. Herron did not thereafter receive the additional information sent by the EEOC to her in April 2011, but she did not follow up with the EEOC.

Following issuance of the Notice of Proposed Distribution, Ms. Herron wrote to the EEOC, indicating that, after her interview, she had not been contacted again by anyone at the EEOC. She wrote that she had been, and still was, willing to participate in any court dates or hearings, had she been given notice. The EEOC received Ms. Herron's letter on December 5, 2012.

The undisputed evidence of record is that the EEOC attempted to contact Ms. Herron at what she admitted was the address she used as her mailing address. The evidence is also undisputed that, following a phone call with the EEOC during which she expressed skepticism about participating, Ms. Herron did not again contact the EEOC until after it issued its Proposed Notice of Distribution in November 2012. It is thus undisputed that Ms. Herron does not meet the requirements for eligible applicants set forth in the Notice of Proposed Distribution. The Court thus finds that her objection to exclusion must be overruled.

### Quinteda McCann

The EEOC first attempted to contact Ms. McCann regarding the instant suit by letter dated February 18, 2011, and addressed to Rosslyn Avenue in Indianapolis. That letter provided that Ms. McCann had been identified as a potential class member and indicated that Ms. McCann must contact the EEOC if she was interested in participating in the case as a class member.

The EEOC again attempted to contact Ms. McCann by letter dated March 24, 2011, and addressed to Rosslyn Avenue. That lettered indicated that it was the EEOC's final attempt to contact Ms. McCann regarding her interest in participating as a class member. That letter was accompanied by a domestic return slip, which was signed on March 26, 2011.

Ms. McCann was notified of her status as an ineligible applicant by letter dated November 21, 2012. Ms. Chandler testified that Ms. McCann was deemed ineligible because she did not respond to the EEOC's letters.

By letter dated December 21, 2012, Ms. McCann wrote to the EEOC and indicated her willingness to participate in an interview so as to participate in the case. Her letter included a return address of Rosslyn Avenue. Ms. McCann also spoke to the EEOC by telephone on January 9, 2013, regarding her objection.

Ms. McCann did not appear at the hearing and as a result there is no evidence regarding any extenuating factors bearing on her apparent failure to timely respond to the EEOC's correspondence. It is therefore undisputed that Ms. McCann does not meet the requirements to partake in distribution. Accordingly, the Court overrules Ms. McCann's objection to her exclusion from the class.

## CONCLUSION

Cilithia Herron's and Quinteda McCann's objections to the proposed distribution pursuant to the Consent Decree in the instant case are **OVERRULED**. Final notice of distribution will now issue under separate order.

SO ORDERED: 07/22/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.