UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NEW INDIANAPOLIS HOTELS, LLC, et al., )<br>)<br>Defendants. | Cause No. 1:10-cv-1234-WTL-DKL |

### ENTRY ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

This cause is before the Court on the Plaintiff's motion for attorneys fees and costs (Dkt. No. 194). The motion is fully briefly, and the Court, being duly advised, **GRANTS** the motion to the extent set forth below for the following reasons.

### I.     BACKGROUND

The Court assumes familiarity with the facts of the case and the Court's past orders. Briefly, on September 20, 2012, the Equal Employment Opportunity Commission ("EEOC") and New Indianapolis Hotels LLC and Noble Management Company, LLC ("Defendants") entered into a consent decree (Dkt. No. 118) after the EEOC sued the Defendants, alleging Title VII violations. On March 26, 2014, the EEOC filed a motion for contempt alleging that the Defendants had not fulfilled certain obligations under the Consent Decree. Dkt. No. 143. The Court referred the motion for contempt to Magistrate Judge LaRue, who held a hearing on the motion and issued her report and recommendation. After considering both parties' objections to Magistrate Judge LaRue's recommendation, the Court ultimately granted in part and denied in part the EEOC's motion for contempt. Dkt. No. 193.

In its order, the Court ruled that the EEOC was entitled to seek an award of attorneys fees and costs relating to its successful litigation of its contempt motion. The EEOC then filed a timely motion for attorneys fees and costs incurred in conjunction with the motion for contempt seeking $49,271 in attorneys fees; $3,850 in paralegal fees; and $6733.76 in costs.

## II.     DISCUSSION

In a civil contempt proceeding, the district court may award a party the attorneys fees and expenses it incurred in bringing the violation to the court's attention. *S. Suburban Hous. Ctr. v. Berry*, 186 F.3d 851, 855 (7th Cir. 1999); *BPS Guard Servs., Inc. v. Int'l Union of United Plant Guard Workers of Am.*, 45 F.3d 205, 211 (7th Cir. 1995) ("A district court may award attorney fees related to a civil contempt proceeding."). Such awards may be made to governmental agencies as well as private plaintiffs. *Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 786 (7th Cir. 1981).

The court's equitable powers in civil contempt proceedings are broad, *Spallone v. United States*, 493 U.S. 265, 276 (1990), and include the authority to impose sanctions to coerce compliance with a court order, *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994), and to compensate affected persons and entities for losses caused by the contemnor's actions, *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). In determining the type of civil contempt sanctions that are warranted, the Defendants ask the Court to consider: 1) the harm from noncompliance; 2) the probable effectiveness of the sanction; 3) the financial resources of the contemnor and the burden the sanctions may impose; and 4) the offending party's willfulness in disregarding the Court's order. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) . The Supreme Court has warned

lower courts to not let fee requests spawn "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this case, the Court finds that the harm from noncompliance was significant. Prior to the EEOC's filing of the motion for contempt, the Defendants had failed to comply with five provisions of the Consent decree: 1) posting; 2) training; 3) new hiring procedure; 4) recordkeeping; and 5) reinstatement. The relief provided by these provisions was central to the Consent Decree, and the Defendants' repeated failure to comply with those provisions had a significant deleterious effect on individual class members. Further, the Defendants' failure to comply with the posting, training, new hiring procedure, and recordkeeping created the real possibility that their prior unlawful actions could be repeated, and, due to recordkeeping failure, would be difficult to detect. Second, while the award of attorneys fees may not completely compensate the EEOC, it will at least provide some remuneration for the time and expenses spent on the litigation.

The Defendants ask the Court to focus on the final two factors. With respect to the Defendants' financial resources and the burden sanctions may impose on that party, the Court previously found that there was "insufficient evidence in the record from which a determination could be made that the Defendants' financial situation is such that an award of fees would be improper." Dkt. No. 192 at 4. The Court permitted the Defendants to submit a verified financial statement as part of their response to the EEOC's motion for fees and costs. The Defendants point to the declaration of Hemant Thaker and the Hampton Inn Income Statement from January 1, 2014, to December 14, 2014. (Dkt. No. 196, Exhibit 2). As the EEOC points out, the "Defendants' sole proof of their claimed financial hardship is a financial statement for the smaller and less wealthy of the two Defendants." Dkt. No. 197 at 2. Notably, the Defendants

3

failed to submit a financial statement for Noble or in fact any information regarding Noble. The Court finds that the Defendants again have failed to present sufficient evidence from which a determination could be made that the Defendants' financial situation is such that an award of fees would be improper.

With regard to willfulness, the Defendants note that they "immediately complied with Judge LaRue's January 9, 2015, Report and Recommendation by offering reinstatement to Moore, Starkes and Hampton, and initiating the payment of the back pay award." Dkt. No. 196 at 6. That compliance was too little, too late, however, to avoid an award of attorneys fees to the EEOC. What is relevant to this analysis is the Defendants' willfulness in disregarding the terms of the Consent Decree prior to the contempt motion and magistrate judge's Report and Recommendation. The Court finds that the Defendants willfully violated the explicit terms of the Consent Decree and repeatedly failed to comply with it, as specifically laid out in the Court's Order on Plaintiff's Motion for Contempt. Dkt. No. 193.

The Court must next consider the reasonableness of the fees sought by the EEOC. The "lodestar method" is the proper methodology to determine attorneys fees. *E.g.*, *Montanez v. Simon*, 755 F.3d 547 (7th Cir. 2014). To arrive at a "lodestar" figure, the Court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

The Court first addresses the reasonable hourly rate. Courts are instructed to consider "the prevailing market rates in the relevant community" when called upon to determine a reasonable hourly rate for attorneys fees. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). An attorney's "market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston v. Illinois*, 60

F.3d 1249, 1256 (7th Cir. 1999) (quotation omitted). The EEOC claimed a market rate of $325 per hour for attorney Nancy Dean Edmonds and $275 per hour for attorneys Jonathan Bryant and Aimee McFerren. It claimed a market rate of $100 per hour for paralegal Lectric Chandler. The EEOC has submitted the Declaration of Barry A. Macey as evidentiary support for the reasonableness of the hourly rates requested by the EEOC.  The Defendants do not contest the reasonableness of the rates, and the Court finds that the requested rates are in line with prevailing market rates for employment discrimination cases in Indianapolis, Indiana.

The Court next must determine whether the number of hours expended by the EEOC was reasonable. The Defendants allege that the fees sought by the EEOC are excessive.[1] Specifically, they allege errors in the form of block billing, vague billing, charges for clerical and administrative tasks, and excessive staffing. The Court will address each of these allegations in turn.

The Defendants first allege error due to claimed block billing. The Defendants point to two examples of block billing: 1) Edmonds billing for three hours to "Meet with witnesses Samantha Hampton, Jeremy Sells and Patricia Wise and draft Declarations for Motion for Contempt"; and 2) Bryant billing for two hours to "Prepare deposition designations for Chauhan; review deposition transcript; draft designations; review Nancy Edmonds proposed modifications; finalize draft of designations." Dkt. No. 196-6 at 3. As the Seventh Circuit has found, "[a]lthough 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Fartaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006). In this case, counsel's activities in both challenged entries are described in detail and

---

[1] The Defendants have submitted the Declaration of David H. Paige, who opines that the fee award should be reduced. Rather than treat Paige as an expert or rely on his opinion, the Court simply will address each allegation of error contained in Paige's Declaration.

amply justify the number of hours assigned. The Court is confident that, whatever the merit of "block billing" may be in other contexts, it did not result in abuse in this case.

The Defendants next allege error due to vague billing. The Defendants point to three examples: 1) the status conference; 2) the telephonic status conference; and 3) correspondence to Lora Starkes. The Defendants also point to multiple entries for "E-mail correspondence with former housekeeper" that do not provide details of the subject of the communications. Doc. 196-6 at 6. As the EEOC points out, the justification for the time billed for the status conference and the telephonic status conference is easily discernable, as the conferences were called by the magistrate judge. With respect to the other challenged entries, the Court finds that these entries are sufficiently specific and detailed. Moreover, given the small number of hours billed, billing abuse is unlikely.

The Defendants further allege error due to charges for alleged clerical and/or administrative tasks. The Defendants cite the following entries: 1) "mailed correspondence to former housekeeper"; and 2) "Accurint research to locate former/current housekeepers." The Defendants also question the paralegal's billing of eight hours for copying trial exhibits and eight hours for making trial exhibit notebooks. Dkt. No. 196-6 at 8. The EEOC has explained and provided a supplemental declaration that the entry for mailing the correspondence to former housekeeper was actually drafting the correspondence. Thus, it was not clerical. With respect to the Accurint research, the EEOC argues that the research was online research that could only be done by an individual who had access to the service. Nonetheless, the Court finds that the research could have been done by a paralegal who was provided access to the service. The research was investigatory rather than legal. As such, a paralegal billing rate rather than an attorney billing rate is appropriate. The Court finds that this rate should apply to .6 of an hour

6

and reduces the award by $105. The Court also agrees that the eight hours of copying is a clerical task. While the EEOC indicates that it did not have a permanent law clerk during that time, the Defendants should not be expected to pay a paralegal the full rate for clerical tasks due to the EEOC's staffing issues. The Court finds that a reduction of 50% for the eight hours of copying is reasonable and reduces the award by $400. However, the Court finds that the full paralegal rate is reasonable for the creation of the exhibit books, especially given the fact that there were 182 exhibits in each book.

Finally, the Defendants claim multiple instances of excessive staffing. Specifically, the Defendants point to the presence of three attorneys and one paralegal at the evidentiary hearing on October 31, 2014. The Court notes that the only matter for which more than one attorney billed was the hearing itself. The EEOC points out that all three attorneys assisted in discovery, and the depositions were attended by more than one attorney, but the EEOC billed each event to a single attorney. The Court finds that two attorneys would have been sufficient for the four-hour hearing. As such, the Court deducts four hours for one junior attorney and four hours for the paralegal for the hearing itself and reduces the award by $1500. The Court also deducts six hours for the time the paralegal billed for preparing to be a witness at the hearing and reduces the award by $600. The EEOC is not entitled to fees simply because an employee was a witness at the hearing.

Taking into account the objections sustained above, the reduced lodestar fee is $50,515.[2] Once the lodestar amount is calculated, the court may adjust the fee award in accordance with the plaintiff's level of success. *Hensley*, 461 U.S. at 434. The Supreme Court has noted that "the

---

[2] This figure represents 119.7 hours billed at $325 an hour; 33.1 hours billed at $275 an hour; and 25.1 hours billed at $100 an hour.

most critical factor is the degree of success obtained." *Id.* at 436. In determining the degree of success obtained, the Seventh Circuit has used a three-factor test set forth in *Farrar v. Hobby*, 506 U.S. 103 (1992). *See Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). Under this test, the court should "look at the difference between the judgment and the recovery sought, the significance of the legal issues on which the plaintiff prevailed and finally, the public purpose served by the litigation" *Id.* (quotation omitted). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Id.* (quotation omitted). The Court finds that the success was significant. The EEOC's motion for contempt alleged violations of five provisions of the consent decree. The EEOC proved (or obtained stipulations for) each of the alleged violations and obtained back wages and reinstatement for three class members and other relief for each of the violations. As such, the EEOC succeeded in obtaining relief for its clients on significant legal issues. With respect to the public purpose served by the EEOC's success, the Court finds that the result deters unlawful conduct by the Defendants, which accomplishes a public goal and furthers the public interest in deterring employment discrimination. Moreover, the contempt proceeding took just short of a year and required much briefing and discovery, including seven depositions, and a four-hour evidentiary hearing. As such, the Court finds that an award of $50,515 for attorneys and paralegal fees is reasonable in relation to the difficulty, stakes, and outcome of the contempt motion.

Turning to costs, the prevailing party is presumptively entitled to recover reasonable costs expended in connection with litigation. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351; *see also* Fed. R. Civ. P. 54(d)(1). The court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary. *E.g.*, *Weihaupt v. Am. Med. Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989). The EEOC's request for costs is uncontested. The EEOC has

detailed the costs and provided receipts when available. After reviewing the EEOC's submitted documentation on the costs incurred in this litigation, the Court finds that the proposed costs are reasonable. Accordingly, the Court awards to the EEOC costs in the amount of $6733.76.

### III.   CONCLUSION

For the reasons set forth above, the EEOC's Motion for Attorney Fees and Costs Incurred in Conjunction with Motion for Contempt (Dkt. No. 194) is **GRANTED** to the extent set forth above. The EEOC is awarded $50,515 in fees and $6733.76 in costs, for a total award of $57,248.76.

SO ORDERED: 11/9/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to counsel of record via electronic communication