UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No. 1:10-cv-1234-WTL-DKL<br>)<br>) |
| NEW INDIANAPOLIS HOTELS, LLC, et al., | )<br>)<br>) |
| Defendants. | ) |

## ENTRY RESOLVING PENDING MOTIONS

This cause is before the Court on the Defendants' motion to alter and amend judgment (Dkt. No. 199). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the following reasons. The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), also has filed a motion to compel the Defendants to correctly process and pay taxes on backpay payments. The parties have filed a Joint Stipulation that resolves this issue (Dkt. No. 205). Accordingly, that motion (Dkt. No. 202) is **DENIED AS MOOT**.

The Court assumes familiarity with the facts of the case and the Court's past orders. Briefly, on September 20, 2012, the EEOC and New Indianapolis Hotels LLC and Noble Management Company, LLC ("Defendants") entered into a consent decree (Dkt. No. 118) after the EEOC sued the Defendants, alleging Title VII violations. On March 26, 2014, the EEOC filed a motion for contempt alleging that the Defendants had not fulfilled certain obligations under the Consent Decree. Dkt. No. 143. The Court referred the motion for contempt to Magistrate Judge LaRue, who held a hearing on the motion and issued her report and recommendation. After considering both parties' objections to Magistrate Judge LaRue's

recommendation, on March 23, 2015, the Court ultimately granted in part and denied in part the EEOC's motion for contempt. Dkt. No. 193.

In its order, the Court ruled that the EEOC was entitled to seek an award of attorneys fees and costs relating to its successful litigation of its contempt motion.  The EEOC then filed a timely motion for attorneys fees and costs incurred in conjunction with the motion for contempt. On November 9, 2015, the Court awarded the EEOC $50,515 in fees and $6,733.76 in costs (Dkt. No. 198).

The Defendants now move pursuant to Federal Rule of Civil Procedure 59(e) to alter the award and amend the judgment, arguing that the Consent Decree, which was entered on September 20, 2012, limits the EEOC's monetary remedies to seeking enforcement to court costs. Specifically, the Consent Decree contains the following language:

> In any proceeding which seeks enforcement of any provision of the Decree, the remedies shall be limited to enforcement of only those terms or provisions of this Decree then in effect which the Court may find to have been violated, and recovery of its court costs.

Dkt. No. 118 ¶ 30.

The Defendants raise this argument for the first time in their Rule 59(e) motion, despite having several prior opportunities to raise it. Namely, the Defendants could and should have raised this argument in their objection to the Plaintiff's motion for contempt, in which the EEOC clearly sought an award of attorneys fees. They had another opportunity to raise the argument in their response to the EEOC's objections to the Magistrate Judge's report and recommendation. Again, however, they did not do so. Nor did they do so in response to the EEOC's motion for attorneys fees and costs. This argument is not a proper basis for relief under Rule 59(e). *See Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (explaining that Rule

59(e) is not a vehicle to raise new arguments not presented to the district court prior to judgment). Accordingly, the Defendants' motion is **DENIED**.

    **SO ORDERED: 9/9/16**

                                                Hon. William T. Lawrence, Judge
                                                United States District Court
                                                Southern District of Indiana

Copies to counsel of record via electronic communication